## AFFIDAVIT

I, Sean M. Lindberg, being first duly Sworn, hereby depose and state as follows:

## AGENT BACKGROUND & EXPERIENCE

1. I am a Special Agent with the U.S. Drug Enforcement Administration ("DEA") and have been so for approximately ten years. I am currently assigned to the Providence, Rhode Island District Office with previous assignments in San Diego, CA, Imperial County, CA, and Sydney, Australia. As a DEA Special Agent, I have received training in specialized controlled substances investigative matters including, but not limited to, drug interdiction, drug detection, money laundering techniques, locating hidden assets derived from drug trafficking, and the investigation of individuals involved in smuggling, cultivation, manufacturing, and trafficking of controlled substances. Prior to my employment with the DEA, I worked as an agent with the United States Border Patrol for 10 years.

2. I have participated in numerous narcotics investigations involving physical and electronic surveillance; the interception and analysis of wire communications; execution of search and arrest warrants, including for electronic evidence; evidence handling; undercover operations; the control and administration of confidential sources; international drug importations; and domestic drug distribution organizations. I have participated in the arrest and subsequent prosecution of numerous drug traffickers. I have spoken on numerous occasions with informants, suspects, and experienced narcotics investigators concerning the manner, means, and practices that drug traffickers use to further the operation of their drug trafficking organizations and the most effective methods of investigating and dismantling drug trafficking organizations.

3. Based on my training, personal experience, and participation in criminal investigations, I have become familiar with the methods and techniques used by individuals engaged in drug trafficking, including the support and assistance that drug trafficking organizations require to conduct their illegal activities, and the means and methods of communication among drug traffickers.

4. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

PURPOSE

5. This affidavit is made in support of an application for an Arrest Warrant along with a Criminal Complaint charging the following individual with the below violations:

Andrew PEREZ URBANO ("PEREZ"), YOB 1991, 1305 W 53rd Street, Apt 434, Hialeah, Florida, with Possession with the Intent to Distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(A) ("SPECIFIED FEDERAL OFFENSE").

PROBABLE CAUSE

6. On December 15, 2024, Warwick Police officer, also a Task Force Officer ("TFO") with DEA Providence, K-9 handler Timothy Lipka, was conducting highway operations along Interstate 95 in Warwick, Rhode Island.

7. At approximately 4:25 a.m., TFO Lipka observed a 2024 white GMC SUV with Florida plates, which was observed to be committing multiple lane roadway violations.[1] TFO Lipka ran vehicle checks on the GMC Florida plate JKNT55 which revealed it was a rental

---

[1] PEREZ was given a verbal warning for the lane roadway violation.

vehicle. TFO Lipka initiated a vehicle stop on the GMC on interstate 95, during which the sole occupant and driver of the vehicle was identified as Andrew PEREZ Urbano, YOB 1991.

8. PEREZ informed TFO Lipka he had been driving since the prior day, 24 hours straight from Florida to visit a friend in Providence, RI. TFO Lipka observed PEREZ's eyes to be extremely red and he was acting in a nervous manner. TFO Lipka could see inside the vehicle and observed PEREZ had no luggage or personal items within the rental vehicle. Based on my training and experience drug traffickers often will utilize rented cars to transport narcotics and often have no personal belongings within the vehicles. Drug traffickers utilize rented vehicles in order to conceal the subject's name and criminal history to law enforcement officers. TFO Lipka utilized his K-9, Haki, who is trained in the detection of narcotics to inspect the outside of the vehicle driven by PEREZ. TFO Lipka's K-9 Haki positively alerted to the rear door panels of the GMC driven by PEREZ.

9. PEREZ was removed from the vehicle. TFO Lipka inspected the back passenger door on the driver's side of the 2024 GMC vehicle and identified that its window would not operate properly unlike the others in the vehicle. Upon further inspection, TFO Lipka identified 2 packages of crystal methamphetamine hidden within the door (behind the panel). At approximately 4:40 a.m., PEREZ was verbally advised of his Miranda Rights, and subsequently placed under arrest and taken into custody.

10. The vehicle was taken to the Warwick Police Department where a further inspection of the GMC driven by PEREZ was conducted. TFO Lipka identified two additional large packages of crystal methamphetamine hidden within the rear passenger side door of the vehicle. In total approximately fourteen (14) pounds of crystal methamphetamine were found

within the vehicle. A field test of the suspected narcotics was conducted, which resulted in a positive indication for crystal methamphetamine.



11.     Absent from the vehicle were luggage items or other items indicative of someone traveling to visit a friend. PEREZ had a bag with one change of clothes which contained a receipt showing they were purchased during his drive from Florida. PEREZ also had two cellular devices within the vehicle. Based on my training and experience, I understand drug traffickers often utilize multiple cellular devices which are specifically used to communicate to other drug traffickers and others are used specifically to communicate with family and friends.

12.     At approximately 6:00 a.m., DEA Special Agents Sean Lindberg and Peter Maynard conducted a brief interview with PEREZ, during which he was re-read his Miranda rights which he acknowledged verbally and by signature. PEREZ indicated he understood his

rights and agreed to speak with the agents. PEREZ informed agents that he had rented the vehicle in Florida, on December 13, 2024 and drove the vehicle to a suburb in Hialeah, Florida which he identified as a "stash house" (a residence which narcotics are stored) operated by an associate of his. PEREZ informed agents he witnessed the vehicle being loaded with approximately fourteen (14) pounds of crystal methamphetamine in the rear doors of the vehicle. PEREZ stated he willingly drove the crystal methamphetamine from Florida to Rhode Island, which he was to be paid approximately $7,000. The total street value of the approximately fourteen (14) pounds of crystal methamphetamine is $37,800, PEREZ stated that he was to collect $42,000 from the buyers of the narcotics in Rhode Island. The money exchange was to be conducted in crypto currency.

13. Based on my training and experience I believe that this quantity, the packaging and the concealment hidden within the door panels; along with the use of a rental car in an attempt to conceal the driver's identity is consistent with narcotics trafficking.

14. Based on the above, I believe that there is probable cause to believe that PEREZ has committed the SPECIFIED FEDERAL OFFENSE of Possession with the Intent to Distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(A), on October 30, 2024.

Sean M. Lindberg
Special Agent
U.S. Drug Enforcement Administration

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1. by: **Telephone** (specify reliable electronic means)
**Sworn telephonically and signed electronically**

December 16, 2024
Date

**Providence, Rhode Island**
City and State

Judge's Signature

**Patricia A. Sullivan, USMJ**
Printed Name and Title